# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| NEWCOURT, INC., COURT PROPERTIES and NEWCOURT COMPOSITES, INC., | § § § § | |
| *Plaintiffs* | § | Case No. 5:10-cv-00080 |
| v. | § § | (Removed from the 102nd Judicial District Court, Bowie County, Texas) |
| LANDMARK AMERICAN INSURANCE COMPANY, | § § | JURY DEMANDED |
| *Defendant.* | § § | |

### DEFENDANT LANDMARK AMERICAN INSURANCE COMPANY'S OPPOSED MOTION TO QUASH, AND MOTION FOR PROTECTION FROM, PLAINTIFFS' NOTICE OF INTENTION TO TAKE DEPOSITION OF THE <u>CORPORATE REPRESENTATIVE(S) OF DEFENDANT</u>

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant, Landmark American Insurance Company ("Landmark"), files this Opposed Motion to Quash, and Motion for Protection From, Plaintiff's' Notice of Intention to Take Deposition of the Corporate Representative(s) of Defendant, and hereby moves the Court to quash the deposition notice, ***in part***, and enter a protective order. Landmark respectfully shows the Court as follows:

### I.  BACKGROUND

1. Landmark moves to quash, and for protection from, Plaintiffs' Notice of Intention to Take Deposition ("Notice"), served on Landmark on May 10, 2011 via U.S. mail, which unilaterally notices the deposition of corporate representative(s) of Landmark for May 13, 2011. The Notice seeks the deposition of a Landmark corporate representative on over 40 subject matter areas including sub-parts. A copy of the Notice is attached hereto as **Exhibit 1**.

2. Landmark shows herein why the Notice is improper, in part, and must be quashed, in part, and why Landmark is entitled to protection from it. Landmark asks the Court to order that the deposition, in part, not be had on objectionable subject matter areas on May 13, 2011, and further, order that the deposition not be had at all on the objectionable subject matter areas.

## II.     ARGUMENT AND AUTHORITIES

**A.     The Notice**

3. The Notice must be quashed for the following reasons: First, prior to serving the Notice on Landmark, Plaintiffs never provided Landmark with the subject matter areas for the deposition of a corporate representative(s) of Landmark so that it could determine who the appropriate person or persons would be for deposition and thus determine dates such witnesses would be available for deposition.

4. Instead, Plaintiffs unilaterally noticed the corporate representative deposition(s) for May 13, 2011, the same date they noticed the deposition of Berri Jordan, the in-house claims handler at Landmark. Ms. Jordan can serve as the corporate representative on some, but not all, of Plaintiffs' subject matter areas. This is discussed below. Further, Landmark believes many of the subject matter areas are objectionable, and depositions on them should not be had at all.

5. Two of the subject matter areas listed in the Notice have nothing to do with the issues pleaded by Plaintiffs in this litigation. In addition, Ms. Jordan cannot serve as the corporate representative on these subject matter areas. They are as follows:

   2.     Underwriting of the Landmark American Insurance Company policy sold and issued for the property located at 3200 Court Street, Texarkana, Texas.

   5.     Knowledge regarding the basis for compensation of Landmark American Insurance Company employees or independent contractor(s) responsible for investigating, adjusting, and handling the claim submitted by Newcourt, Inc. and Court Properties.

6. Subject matter areas 2 and 5 are completely irrelevant to the issues pleaded by Plaintiffs. This is an insurance dispute over hail damage to roofs of three buildings and a carport attached to one of the buildings. The majority of the dispute is over extent of roof damage, causation, the proper method of repair, and cost of repair. Plaintiffs have not pleaded any claims or issues relating to the underwriting of the policy, procurement of the policy, issuance of the policy, et al. Thus, subject matter area 2 is wholly irrelevant to the issues in this matter.

7. In addition, subject matter area 5 regarding compensation of Landmark employees and independent contractors is also wholly irrelevant. It is harassing and seeks proprietary information.

8. Further, most of the remaining subject matter areas relate to Landmark's affirmative defenses, and many of these raise legal issues, at least in part, and therefore, are not a proper area of questioning. Moreover, subject matter areas 10, 12, 13, 14, 15, 16, 17, 22, 23, 24, 25, 27, 28, 33, 37, 38, and 40 raise only legal issues, which are not a proper area of questioning of the witness. (See attached Notice, **Exhibit 1**, setting these out.)

9. Lastly, Plaintiffs' subject area number 1 regarding interpretation of the provisions of the Landmark policy is not a proper subject matter area. Under Texas law, the interpretation of an insurance policy is a question of law for the court. *State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 433 (Tex. 1995).

10. In sum, Landmark asks the Court to order that corporate representative deposition(s) on the objectionable subject matter areas be quashed and not be had at the date and time specified in the Notice, and not be had at all on the objectionable subject matter areas . These are subject matter areas 1, 2, 5, 10, 12, 13, 14, 15, 16, 17, 22, 23, 24, 25, 27, 28, 33, 37, 38, and 40.

11. Rule 26(c) of the Federal Rules of Civil Procedure allows a party to request a protective order from the Court in order to protect the party or persons from, among other things, annoyance, oppression, or undue burden or expense.  The Court may order, upon good cause shown, that the requested discovery not be had.  FED. R. CIV. P. 26(c)(1).

12. Here, many of the subject matter areas in the Notice are irrelevant and improper, and Landmark seeks protection from the objectionable subject matter areas.

13. Given the above and good cause being shown, Landmark requests the Court (1) order that the corporate representative deposition noticed by Plaintiffs for May 13, 2011 not be had on that date as to the objectionable subject matter areas; and (2) order the deposition of Landmark's corporate representatives on the objectionable subject matter areas listed in the Notice not be had at all.

### III.     CONCLUSION

14.  Landmark asks the Court to grant this Motion, and grant Landmark any and all further relief, at law and in equity, general or special, to which it may be justly entitled.

Respectfully submitted,

*/s/ Jay W. Brown*
Jay W. Brown
Texas Bar No. 03138830
jbrown@bmpllp.com
Hilary C. Borow
hborow@bmpllp.com
Texas Bar No. 00787106
**BEIRNE, MAYNARD & PARSONS, L.L.P.**
1300 Post Oak Blvd., 25th Floor
Houston, Texas  77056
Telephone:  713.623.0887
Facsimile:  713.960.1527

       and

       Sarah B. Davis
       Texas Bar No. 24059659
       sdavis@bmpllp.com
       **BEIRNE, MAYNARD & PARSONS, L.L.P.**
       1700 Pacific Avenue, Suite 4400
       Dallas, Texas 75201-7305
       Telephone: 214.237.4300
       Facsimile: 214.237.4340

       **ATTORNEYS FOR LANDMARK**
       **AMERICAN INSURANCE COMPANY**

## CERTIFICATE OF CONFERENCE

    This hereby certifies that on May 11, 2011, I conferred with Christina Phillips, counsel for the Plaintiffs, regarding the merits of this Motion.

    Ms. Phillips stated that Plaintiffs are opposed to the granting of this Motion; therefore, it is being presented to the Court for a determination.

       */s/ Sarah B. Davis*
       Sarah B. Davis

## **CERTIFICATE OF SERVICE**

The undersigned certifies that, in accordance with the Federal Rules of Civil Procedure, a true and correct copy of the foregoing document was served via the Court's ECF Filing System, Facsimile and/or U.S. Mail, First Class, postage prepaid, on the 11th day of May, 2011, on the following counsel of record:

Andrew M. Plunkett, Esq.
Christina M. Phillips, Esq.
CHILDRESS DUFFY GOLDBLATT, LTD.
515 North State Street, Suite 2200
Chicago, Illinois 60654

*Attorneys for Plaintiffs*

                                         */s/ Sarah B. Davis*
                                         Sarah B. Davis