IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| NEWCOURT, INC., COURT PROPERTIES AND NEWCOURT COMPOSITES, INC. | § § § § | |
| V. | § § § | No. 5:10CV80 |
| LANDMARK AMERICAN INSURANCE COMPANY | § § § | |

## ORDER

Before the Court is Defendant Landmark American Insurance Company's Opposed Motion to Quash, and Motion for Protection from Plaintiffs' Notice of Intention to Take Deposition of the Corporate Representative(s) of Defendant (Dkt. No.70). The Court, having reviewed the relevant briefing, is of the opinion the motion should be **GRANTED IN PART and DENIED IN PART**.

### I. BACKGROUND

Newcourt, Inc., Court Properties, and Newcourt Composites, Inc. ("Plaintiffs") are the owners of property at 3200 Court Street, Texarkana, Texas in Bowie County, Texas ("Property"). Landmark American Insurance Company ("Defendant") is engaged in the business of underwriting insurance policies in the State of Texas. Defendant issued to Plaintiffs an insurance policy numbered LHT 355632 ("Policy"), with a policy period effective from December 31, 2007 to December 31, 2008. Under the Policy, Defendant agreed to pay for direct physical loss to Covered Property caused by or resulting from any Covered Cause of Loss. Plaintiffs allege the Property covered by the Policy suffered direct physical loss caused by or resulting from a Covered Cause of Loss, and Defendant refused to pay Plaintiffs for its losses and damages. Plaintiffs have brought the instant action asserting claims for breach of contract, violations of the Texas Insurance Code, and violations of the

Texas Deceptive Trade Practices Act.

## II. DEFENDANT'S MOTION TO QUASH
## AND FOR PROTECTIVE ORDER

Defendant filed its current motion on May 11, 2011, seeking an Order that the corporate representative deposition noticed by Plaintiffs for May 13 not be had on that date and that the deposition of the corporate representative(s) on the objectionable subject matters listed in the Notice not be had at all. Of the over 40 subject matter areas contained in the Notice, Defendant specifically objects to Plaintiff's request for testimony relating to Defendant's underwriting of the Policy and subject matter area 5seeking corporate representative testimony on compensation and incentive programs. In addition, Defendant contends many of the subject matter areas raise legal issues and thus are not a proper area of questioning.

On May 12, 2011, the undersigned issued an Order expediting Plaintiffs' response time and continuing the corporate representative deposition until after the Court rules on Defendant's current motion. The motion for protective order is now ripe for consideration.

Before addressing the specific subject matter areas objected to by Defendant, the parties have indicated that Berri Jordan, the in-house claims handler at Landmark, can serve as the corporate representative on some, but not all, of Plaintiffs' subject matter areas. In the expedited briefing on Defendant's current motion, Plaintiffs and Defendant state they would prefer that Jordan be deposed only once, as she will be deposed by Plaintiffs in her individual capacity and in her capacity as corporate representative on several subject matter areas. According to the parties, Jordan is unavailable until the weeks of June 13th and June 20th. The parties represent they are working together to schedule a time for Jordan's deposition and other necessary corporate representative(s)

to take place during those weeks. The parties request that the Court extend the June 10, 2011 discovery deadline in order to allow the parties to depose Jordan and other corporate representative(s) after the fact discovery cut-off. The Court finds good cause exists to extend the discovery deadline for the limited purpose of completing Jordan's deposition as well as any other corporate representative(s) of Defendant. Therefore, this part of Defendant's motion is granted.

### III. APPLICABLE LAW

The Court is authorized under Rule 26(c) to make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" including that the discovery not be had or that it be had only by a method other than that selected by the party seeking discovery. FED. R. CIV. P. 26(c). Rule 26(c) "'lists eight kinds of protective orders that may be made,' although the court may also 'be as inventive as the necessities of a particular case require in order to achieve the benign purposes of the rule." *AG-Innovations, Inc. v. U. S.*, 82 Fed.Cl. 69, 78 (Fed. Cl. 2008)(*quoting* 8 Charles Alan Wright, Arthus R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2036 (2d ed. 1994). Where the court denies a motion for protective order in whole or in part, it may, "on such terms and conditions as are just, order that any party or other person provide or permit discovery." *Id.*

Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that the "burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978). The "'good cause' requirement is strict. . . . [T]he party . . . must make a particularized showing of the harm that would be sustained if the court did not grant a protective order." *AG-Innovations*, 82 Fed.

3

Cl. at 78, *quoting* Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access to the Courts*, 105 Harv. L. Rev. 427, 433 (1991). "Thus, broad allegations of harm, unsubstantiated by specific examples, are insufficient to justify issuance of a protective order." *AG-Innovations*, 82 Fed. Cl. at 78.

## IV. DISCUSSION

### A. Issues Before the Court

According to the briefing before the Court, counsel for Plaintiffs and counsel for Defendant have agreed on many of the disputed issues raised in Defendant's motion. Plaintiffs' counsel agrees to withdraw paragraphs 10, 12, 13, 14, 15, 16, 17, 23 and 40 of its Notice. Defendant agrees to withdraw its objections to subject matter areas 24, 25, 27, 28, and 37 of Plaintiffs' Notice to the extent that Plaintiffs seek factual information regarding those areas. Defendant's counsel reserves all rights to object to questions during the deposition that relate to issues that are matters of law or that call for legal conclusions. Given the parties' agreements, there are three remaining topics in dispute before the Court:

1. the underwriting of the Landmark Policy;
2. compensation/incentive programs for Defendant's employees or independent contractors; and
3. subject matter areas 22, 33, and 38 of Plaintiffs' Notice.

### B. Underwriting

Plaintiffs seek to depose Defendant's corporate representative on "[u]nderwriting of the Landmark American Insurance Company policy sold and issued for the property located at 3200 Court Street, Texarkana, Texas." Defendant object to this request, asserting it is extremely broad

4

and not relevant to the issues involved in this lawsuit. According to Defendant, all of Plaintiffs' causes of action in this lawsuit relate to Defendant's alleged nonpayment of their claim relating to roof damage. Defendant asserts Plaintiffs have not alleged an underwriting problem or underwriting issues, and Plaintiffs' causes of action have nothing to do with the underwriting file for the Landmark policy.

Further relying on the Policy, Defendant asserts it had no obligation to "perform an underwriting inspection to determine if it wanted to insure the risk," as urged by Plaintiffs.[1] According to Defendant, the exclusions in the Policy are contractual provisions that apply whether Defendant conducted an inspection or not. In addition, Defendant states its consultants assessed the hail-related damage to the roofs and determined that the costs of repair/replacement were less than the Policy deductible.

Plaintiffs take issue with Defendant's argument that the underwriting of the Policy is not relevant to the claims or defenses involved in this case. According to Plaintiffs, Defendant has asserted numerous affirmative defenses which relate directly to the alleged pre-loss condition of the Property. Defendant asserts, for example, that Plaintiffs' claim is barred because the loss or damage was caused by or resulted from "wear and tear; rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself; or settling, cracking, shirking or expansion." (Second Amended Answer and Counterclaim, Affirmative Defenses ¶ 50). Defendant further asserts that the Policy does not insure loss or damage caused by

---

[1] The Policy states, "[w]e are not obligated to make any inspections, surveys, reports or recommendations and any such actions we do undertake relate only to insurability and the premiums to be charged." (Landmark Policy, Common Policy Conditions, ¶D [Landmark 0067]).

or resulting from inadequate or defective maintenance. (*Id*. at ¶ 54).

Federal Rule of Civil Procedure 26(b)(1) provides that a party may obtain discovery of "any non-privileged matter that is relevant to any party's claim or defense." Local Rule CV-26(d) provides guidance in evaluating whether a particular piece of information is "relevant to the claim or defense of any party." Rule 26(d) provides, in pertinent part, as follows: (1) information is relevant if it is information likely to have an influence on or affect the outcome of a claims or defense; (2) information is relevant if it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense; and (3) information is relevant if it is information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate or try a claim or defense. Accordingly, there is a liberal policy with regard to the information considered relevant for purposes of discovery." *Monroe v. Cessna Aircraft Co.*, No. 2:05CV250, 2006 WL 1765905 *2 (E.D. Tex. 2006) (Judge Davis).

Given this liberal relevancy standard, the Court agrees with Plaintiffs that the underwriting of the Policy is relevant to the defenses asserted by Defendant in this case. Plaintiffs would be entitled to obtain a copy of any inspection reports or underwriting materials related to the Insured Property. Similarly, Plaintiffs should be able to question an appropriate corporate representative about the scope and conclusions of any inspections. If Defendant did not inspect the building or portions thereof during its underwriting, this would also be a relevant area of inquiry. This part of Defendant's motion is denied.

**C.**   **Compensation/Incentive Programs**

Defendant also moves for protection from Plaintiffs' subject matter area 5 which provides as follows:

6

> Knowledge regarding the basis for compensation of Landmark American Insurance Company employees or independent contractor(s) responsible for investigating, adjusting, and handling the claim submitted by Newcourt, Inc. and Court Properties.

Subject matter area No. 5.

In their response, Plaintiffs assert they "should be allowed to inquire as to whether the adjuster and others responsible for deciding the outcome of this Claim are motivated (through compensation plan or otherwise) to resolve the Claim in favor of their employer rather than the insured." (Dkt. No. 74 at pg. 4). Plaintiffs assert this line of questioning is not harassing, but rather seeks to obtain relevant information regarding witness bias or credibility. Plaintiffs contend any concerns regarding the disclosure of proprietary information can be addressed with the entry of a protective order and the marking of that portion of the deposition as confidential.

Defendant's counsel has advised Plaintiffs' counsel that they can ask Jordan about this subject matter area in her individual capacity as she was the in-house claims handler related to Plaintiffs' claim. However, Defendant objects to Jordan testifying as the corporate representative about "compensation of Landmark employees" or compensation of independent contractors, such as GAB Robins, Defendant's independent adjuster.

According to Defendant, Plaintiffs sent requests for production to Defendant seeking documents that "establish goals" for its employees relating to claims for hail, et al.; documents that "establish monetary goals" for its employees relating to claims for hail, et al.; and "documents regarding the basis for compensation of any Landmark employee or independent contractor responsible for adjusting insured's claims" relating to hail, et al. Defendant represents there are no such documents. Defendant further states it has advised Plaintiffs' counsel that no one at Landmark could testify about compensation of GAB Robins employees as they are a completely separate and

unrelated entity; Defendant does not have a contract with GAB; and this discovery can be obtained when Plaintiffs take the deposition of the GAB independent adjuster, Jason Lowrimore.

Rule 26(b)(2)(C) allows the Court to limit the "frequency or extent of use of the discovery methods otherwise permitted under the rules" if it determines that (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs the likely benefits of the discovery. Here, Defendant has made a particularized showing that the information requested in Plaintiffs' subject matter area 5 is more appropriate and is obtainable from witnesses in their individual capacity, rather than from corporate representative deponents. The Court grants this part of Defendant's motion. Plaintiffs may not seek corporate representative testimony regarding compensation of Landmark American Insurance Company employees or independent contractors. Rather, this line of questioning shall be directed to witnesses in their individual capacities, where appropriate.

**D.     Paragraphs 22, 33, and 38 of Plaintiffs' Notice**

Paragraphs 22 and 33 of Plaintiffs' Notice relate to Defendant's affirmative defenses related to offsets and credits. Paragraph 38 of Plaintiffs' Notice relates to Defendant's assertion of the doctrine of comparative good faith and fair dealing as an equitable factor in adjudging the relative positions of the parties in this case. Defendant objects to these paragraphs to the extent that they call for legal conclusions. Plaintiffs explain they are seeking to identify what facts Defendant has that there have been payments or settlements in this matter. Plaintiffs also state paragraph 38 contains a factual component to which Plaintiffs are entitled to inquire.

The Court is not convinced these paragraphs only call for legal conclusions, making them inappropriate areas of questioning. To the extent Plaintiffs ask Defendant's corporate representative(s) specific questions which arguably call for legal conclusions, Defendant may object to those specific questions during the deposition. This part of Defendant's motion is denied.

Based on the foregoing, it is

**ORDERED** that Defendant Landmark American Insurance Company's Opposed Motion to Quash, and Motion for Protection from Plaintiffs' Notice of Intention to Take Deposition of the Corporate Representative(s) of Defendant (Dkt. No.70) is hereby **GRANTED IN PART and DENIED IN PART**.

**SIGNED this 20th day of May, 2011.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE